# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ZOANN BROWN,<br><br>　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. C08-3034-MWB<br>(No. CR06-3037-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . 2
　　*B. The Petitioner's Charges, Plea, Sentence, and Appeal* . . . . . . . . . . . 5

*II. EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*III. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　*A. Enhancement Pursuant to § 3B1.1* . . . . . . . . . . . . . . . . . . . . . 7
　　*B. Criminal History Points in Paragraphs 36 and 37* . . . . . . . . . . . . . 9
　　*C. Rule 35(b) Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
　　*D. Anders Brief* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*IV. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . 14

*V. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*[1]

On June 30, 2008, Petitioner ZoAnn Brown filed her *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 1, pp. 1-7). To her motion, Brown attached her Memorandum of Law with Appended Exhibits in Support of Petitioner's *Pro Se* Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. § 2255 (docket no. 1, pp. 8-22). Brown also attaches to her petition and motion the following exhibits: the plea agreement in the case (docket no. 1-2); the transcript of the sentencing (docket no. 1-3); a page entitled Summary and Waiver of Oral Argument (docket no. 1-4); *pro se* correspondence from petitioner, dated June, 2008 (docket no. 1-5); and the sealed Presentence Investigation Report ("PSIR") in the case (docket no. 1-6). In Brown's motion, she claims that her counsel was ineffective for: (1) failing to challenge the enhancement for being a supervisor under U.S.S.G. § 3B1.1(b); (2) failing to challenge the imposition of a criminal history point for her convictions in paragraphs 36 and 37, under U.S.S.G. § 4A1.1(c), which allegedly should have been excluded under U.S.S.G. § 4A1.2(c); (3) failing to object to the prosecution's failure to file a motion for substantial assistance under the terms of the cooperation agreement, or in the alternative, failing to

---

[1] Brown's § 2255 motion is case number C08-3034-MWB, and the docket entries cited under this section are associated with this civil case number.

seek affirmation from the prosecution that they would timely file a Rule 35(b)[2] motion; and (4) failing to pursue meritorious claims on appeal and, instead, filing an *Anders*[3] brief.

On September 18, 2009, Respondent United States of America filed its Court Ordered Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 3). The respondent attached Exhibit 1 to its motion, which is the plea agreement in the case (docket no. 3-2). First, the respondent alleges that Brown was properly assessed three points for her managerial or supervisory role in the offense, pursuant to U.S.S.G. § 3B1.1. In fact, the respondent claims that Brown stipulated to her status as a manager or supervisor of an organization that involved ten persons. Docket no. 3 (citing the plea agreement, docket no. 3-2, p. 11). Second, the respondent claims that Brown's counsel was not ineffective for failing to object to the two challenged criminal history points under U.S.S.G. § 4A1.2(c). According to the respondent, the points were properly scored under U.S.S.G. § 4A1.1(c). The respondent claims that the point scored in paragraph 36 was only for operating while intoxicated, not for the associated charge of driving with a suspended licence, and therefore U.S.S.G. § 4A1.2(c) would not apply. The point scored in paragraph 37 was also proper, according to the respondent, because only one point was scored and Brown's arguments concerning whether the two points should have been scored are irrelevant. Third, the respondent argues that Brown has failed to assert that the respondent had an improper motive in refusing to move for a reduction of sentence pursuant to Rule 35(b). The respondent

---

[2] Federal Rule of Criminal Procedure 35(b) states: "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. FED.R.CRIM.P. 35(b)(1).

[3] *Anders v. State of Cal.*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

claims that, absent such a showing, Brown's claim must fail. And fourth, the respondent claims that Brown's counsel is not ineffective for filing an *Anders* brief in this case. In support of this claim, the respondent cites the Eighth Circuit Court of Appeals's opinion in Brown's criminal case, which found that there were no non-frivolous claims to appeal. The respondent claims that Brown still fails to assert a non-frivolous claim that should have been appealed.

Brown filed her Traverse in Reply to Government's Response in Opposition to Motion to Vacate, Pursuant to 28 U.S.C. § 2255 (docket no. 5). In the reply, Brown, first, claims that the plea agreement was "deficient to support the entire three level adjustment" under U.S.S.G. § 3B1.1(b) and that her counsel should have objected to the enhancement to preserve the issue for appeal. Second, Brown appears to argue that the criminal history point in paragraph 36 should not have been scored because she only served two days in jail, as forty-three days of the forty-five day jail sentence were suspended. In addition, Brown suggests that her counsel may admit to being ineffective, if she were asked. However, Brown notes that her counsel has not provided an affidavit in this case. Third, Brown recognizes that the court must find that the prosecution acted with an improper motive when refusing to file a Rule 35(b) motion. However, Brown claims that the court should find such an improper motive because the prosecution mislead the court at sentencing, when it stated that the likelihood of a Rule 35(b) motion was "very strong" and that it was "just the timing" that prevented them from making a motion for substantial assistance at the sentencing. Docket no. 5 (quoting sentencing transcript, docket no. 1-3, p. 5). And fourth, Brown again questions the respondent's decision to advocate for the defense attorney in this case without having a sworn affidavit from her.

### *B. The Petitioner's Charges, Plea, Sentence, and Appeal*[4]

On June 21, 2006, an indictment was returned against Brown, charging her with possessing with intent to distribute 500 grams or more of methamphetamine mixture containing 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On July 24, 2006, defendant appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 1 of the indictment, and this court affirmed the plea of guilty on August 10, 2006. On May 2, 2007, Brown was sentenced to 292 months imprisonment and 5 years supervised release on Count 1.

Brown appealed her sentence, but in the appellate brief counsel asked the court for permission to withdraw, under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). First, the Eighth Circuit Court of Appeals found that there was nothing in the record to indicate that the court "overlooked a relevant factor, gave significant weight to an improper factor, or, in weighing the appropriate factors, made a clear error of judgment." *United States v. Brown*, 261 Fed.Appx. 915, *1 (8th Cir. 2008) (citing *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2462-68, 168 L.Ed.2d 203 (2007) (appellate presumption of reasonableness); *United States v. Haack*, 403 F.3d 997, 1003-04 (8th Cir.2005) (reasonableness factors)). Second, the court found that there were no non-frivolous issues for Brown to appeal and granted counsel's leave to withdraw. *Id*. On July 31, 2008, this court also denied Brown's motion to modify her sentence under Amendment 709 to the United States Sentencing Guidelines—which amended the sentencing guidelines

---

[4] Brown's criminal case number is CR-06-3037-MWB, and docket entries cited under this section are associated with this criminal case number.

regarding the counting of multiple prior sentences—because Amendment 709 was not made retroactive. *See* docket no. 63.

## II. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that Brown is entitled to no relief and will, therefore, not hold a hearing in this case. *See id*.

## III. LEGAL ANALYSIS

All of Brown's grounds for relief are for ineffective assistance of counsel—alleged violations of the Sixth Amendment to the United States Constitution, which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. The general standards related to claims of ineffective assistance of counsel in § 2255 motions are well

settled:

> "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense."

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

Brown asserts four claims of ineffective assistance of counsel, due to her counsel's alleged failure to: (1) challenge the enhancement for being a manager or supervisor under U.S.S.G. § 3B1.1(b); (2) challenge the imposition of a criminal history point for her convictions in paragraphs 36 and 37, under U.S.S.G. § 4A1.1(c); (3) object to the prosecution's failure to file a motion for substantial assistance under the terms of the cooperation agreement, or to seek affirmation from the prosecution that they would timely file a Rule 35(b) motion; and (4) pursue meritorious claims on appeal and, instead, file an *Anders* brief.

### A. *Enhancement Pursuant to § 3B1.1*

Brown claims that her counsel was ineffective for failing to object to the sentencing enhancement she received for her role in the offense, under U.S.S.G. § 3B1.1. Section

7

3B1.1 states:

> Based on the defendant's role in the offense, increase the offense level as follows: (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

U.S.S.G. § 3B1.1(b). The plea agreement mentions Brown's role under U.S.S.G. § 3B1.1:

> The parties stipulate and agree that in committing the offense of conviction, the defendant was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive, so a three-level upward adjustment for aggravating role in the offense is appropriate under U.S.S.G. § 3B1.1(b).

Docket no. 1-2, p. 5, ¶ 11(B). Brown initialed this paragraph in the plea agreement. However, she claims that counsel should have objected to the sentencing enhancement, because Brown drew a line through references to two alleged participants, later in the plea agreement. In paragraph 31, Brown crossed out the names of two alleged participants, and she alleges that there were only two other participants named in the plea agreement that she could have managed or supervised. The respondent argues that there were ten other participants. The court notes that Paragraph 31(C) provides, "This organization was otherwise extensive and/or involved five or more persons," and then lists ten names in addition to the two that were struck. *Id.* at p. 11, ¶ 31(C). Brown initialed this paragraph of the plea agreement.

In addition to Brown's initialing at least two paragraphs that admit to the role enhancement, one of which provides ten participants to support the idea that the criminal

activity was otherwise extensive, Brown's counsel stated at Brown's sentencing:

> I also wanted to mention that we have agreed to the role adjustment, and there were individuals that she did use basically to transport her to do some of the transactions and that those individuals were people that she supervised. She agreed to the role in the offense.

Docket no. 42 (sentencing transcript). Brown claims her counsel's remarks concerning the agreement on Brown's role in the offense were incorrect. However, when Brown addressed the court in her allocution, she did not contest what her counsel had stated concerning role.

Brown's claim that her attorney should have objected to the role enhancement applied to Brown under U.S.S.G. § 3B1.1(b) is totally inconsistent with the record, as Brown signed a plea agreement containing at least two initialed paragraphs admitting to the enhanced role and at the sentencing hearing, where Brown provided an allocution that did not contest role, her attorney admitted to the role enhancement. For these reasons, the court finds that Brown's claim that her counsel was ineffective for failing to object to the role enhancement is contradicted by the record, and the court will not grant her motion on this ground.

### B. Criminal History Points in Paragraphs 36 and 37

Brown claims that her counsel was ineffective for failing to object to two criminal history points scored against her in the PSIR: one in paragraph 36 and the other in paragraph 37. In paragraph 36, Brown is scored one point, under U.S.S.G. § 4A1.1(c) for Operating a Vehicle While Intoxicated. The PSIR states that Brown was sentenced to 45 days in jail on that count and that 43 days of the sentence were suspended. The court finds that the PSIR correctly reflected that Brown should receive one criminal history point

9

for the offense. *See* U.S.S.G. § 4A1.1(b) ("Add 1 point for each prior sentence not counted in (a)[5] or (b)[6], up to a total of 4 points for this item."). Brown claims that the point should not have been scored under a mistaken belief that the sentence was for both Operating a Vehicle While Intoxicated (Count 1) and Driving While License Suspended (Count 2)—Brown claims that both sentences would not be counted under U.S.S.G. § 4A1.2(c). However, the PSIR clearly states that the sentence was only for count 1, and because Brown was not scored a point for Count 2—and there was only a sentence reflected in the PSIR for Count 1—the court fails to see how simply being charged with Driving While License Suspended should negate the criminal history point scored for her Operating a Vehicle While Intoxicated charge.

The court also finds that Brown was properly scored one point for her suspended sentence for burglary in the third degree. *See* U.S.S.G. § 4A1.1(b) ("Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item."). Brown was sentenced to five years imprisonment—all of which was suspended—and two years probation for burglary in the third degree, pursuant to U.S.S.G. § 4A1.1(c), in paragraph 37 of the PSIR. *See* docket no. 1-6 (PSIR). Although Brown appears to argue that she was improperly assessed two points for the burglary under the Armed Career Criminal Act, she admits in her reply brief that she was only assessed one point for the offense. As additional evidence that the point was improperly scored, Brown argues that her counsel may have admitted her ineffectiveness had she provided a sworn affidavit to the court.

---

[5] Subsection a states: "(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a).

[6] Subsection b states: "(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b).

The court finds that this point was properly scored and that an affidavit from Brown's counsel is not required.

Because the court finds that Brown's claim that the criminal history points in paragraphs 36 and 37 were improperly counted is contradicted by the record, the court will not grant her motion on that ground.

### C. Rule 35(b) Motion

Brown claims that her counsel was ineffective for failing to object to the prosecution's failure to file a Rule 35(b) motion or, in the alternative, for failing to seek affirmation that the prosecution would file the motion—Brown's claim appears to assume that, had her counsel objected to the prosecution's failure to move under Rule 35(b), the court could have forced the prosecution to so move. Although this court can review the prosecution's discretionary decision to make a motion for a sentence reduction, Brown must make a "substantial threshold showing" that the prosecution's refusal was "based on an unconstitutional motive such as race or religion," or that "the prosecutor's refusal to move was not rationally related to any legitimate Government end, for example, that the decision was made arbitrarily or in bad faith." *United States v. Marks*, 244 F.3d 971, 975 (8th Cir. 2001) (additional citations and quotation marks omitted).

Brown, first, attempts to make this showing by claiming that the prosecution misled the court by claiming that there was a "very strong" possibility of a Rule 35(b) motion and that "[i]t's just the timing. . . ." Docket no. 1. In fact, the court stated:

> [I]t's an awkward situation for me because while I've given a variance for cooperation even when the government hasn't made a substantial assistance motion, I've never done it in this context. I've done it in a context of for whatever reason the government made a decision not to, and I guess you could say

11

> they have made a decision not to here. But that's only
> partially true because of the timing issue that Mr. Fletcher
> indicated.

Docket no. 42 (sentencing transcript). However, insofar as Brown argues that the prosecution's statements caused the court to impose a higher sentence in reliance on its belief that Brown would benefit from a Rule 35(b) motion, the court notes that it gave Brown an opportunity to continue the sentencing hearing to allow for a substantial assistance motion at a future sentencing. This court explained:

> . . . I'm just not going to exercise my discretion to do a variance.
> Now, I might on the substantial assistance. But it would be modest if the government didn't make the Rule 35(b) motion. So I'd be happy to continue it, but it's really your call. Why don't you take a minute and talk to your client.

*Id.*, p. 8. Brown's counsel agreed that she should talk to her client about the issue. Brown's counsel then explained:

> Your Honor, that had been something we had talked about before also, whether to try to continue or to go ahead, and Ms. Brown has been in custody between the state charges and now on the federal indictment over—18 months, and so she does want to go ahead.

*Id.* The prosecution's representation that there was a "very strong" possibility that it would make a Rule 35(b) motion did cause the court to refuse to vary based on Brown's substantial assistance. However, Brown was given the opportunity to continue the sentencing and wait to see whether the prosecution was going to make the motion. Had the prosecution failed to make the motion, the court likely would have granted a modest variance. Nevertheless, Brown and her counsel made a strategic decision not to seek a continuance of the case after considering the law related to substantial assistance departures

and the facts in the particular case. *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) ("'[s]trategic choice[] made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'") (citations omitted).

Brown also argues that her counsel's failure to object constituted ineffective assistance of counsel under the theory that the cooperation agreement might have "created an 'objective standard' for cooperation, rather than reserving the government's customary discretion to decide the motion. . . ." Docket no. 1. However the plea agreement in this case specifically states that "no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided 'substantial assistance.'" Docket no. 1-2 (emphasis omitted).

For these reasons, the court finds that Brown's motion will not be granted on the ground that her counsel was ineffective for failing to object to the prosecution's failure to make a Rule 35(b) motion or on the ground that counsel should have asked for affirmation that the motion would be made.

### D. *Anders* Brief

Brown claims that her counsel was ineffective for filing an *Anders* brief, containing an error, and failing to pursue meritorious claims on appeal. Brown provides the court with her counsel's Summary and Waiver of Oral Argument provided to the Eighth Circuit Court of Appeals (docket no. 1-4), and argues that her counsel's statement that Brown's 292 month sentence was the mandatory minimum constituted ineffective assistance of counsel. If the error in the pleading, by itself, does not constitute ineffective assistance of counsel, Brown claims that this error along with the above claims amount to ineffective assistance of counsel.

Concerning Brown's claim that counsel was ineffective for the error in her Summary and Waiver of the Argument provided to the Eighth Circuit Court of Appeals, this court notes that the court of appeals made no mention of a mandatory minimum in its opinion. *See Brown*, 261 Fed.Appx. at *1. Instead, the court concluded "that Brown's within-Guidelines-range sentence is not unreasonable because nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or, in weighing the appropriate factors, made a clear error of judgment." *Id*. In addition, the court made an independent review of the record and found "no nonfrivolous issues" for Brown's counsel to appeal. *Id*. The court finds that the alleged error did not prejudice Brown. Because the court, above, has found all of Brown's claims are without merit, it will not further discuss whether Brown's counsel was ineffective for failing to pursue any of the above-discussed issues on appeal. Therefore, the court will not grant Brown's motion on the ground that her counsel was ineffective for filing an *Anders* brief, containing an error, and failing to appeal other allegedly meritorious claims.

## IV. CERTIFICATE OF APPEALABILITY

Denial of Brown's § 2255 Motion raises the question of whether or not she should be issued a certificate of appealability for her claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d

14

1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Brown has not made a substantial showing of the denial of a constitutional right on her § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Brown's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Brown does not make the requisite showing to satisfy § 2253(c) on her claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## V. CONCLUSION

THEREFORE, petitioner ZoAnn Brown's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 1) is **denied in its entirety**. An evidentiary hearing will not be held in this case. This case is **dismissed in its entirety**, and the court will issue no certificate of appealability for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA